IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAN ARVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv357-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 5) addressing the applicability of the one-year period of limitation in this case. The government argues that the petitioner's § 2255 motion, which was filed on or about April 15, 2012, is untimely under 28 U.S.C. § 2255(f)[1] and is therefore due to be dismissed.

The pleadings and court record reflect that on August 23, 2005, the petitioner was

---

[1]Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

convicted of conspiracy to distribute methamphetamine. He was sentenced on November 1, 2005, to 168 months in prison. Judgment was entered by the district court on November 10, 2005. The petitioner did not appeal from that judgment. By operation of law, then, the judgment became final on November 21, 2005, the first business day after expiration of the 10-day period for him to file an appeal.[2] Thus, the petitioner had until November 21, 2006, to file a § 2255 motion that was timely under the provisions of § 2255(f)(1).

However, the petitioner did not file his § 2255 motion until April 15, 2012.[3] For this reason, the government contends that the § 2255 motion is untimely under the provisions of § 2255(f)(1). The government contends that the § 2255 motion is also untimely under the provisions of § 2255(f)(2), because the petitioner does not show that some unconstitutional government action impeded him from filing his § 2255 motion at an earlier date. The government contends that the § 2255 motion is likewise untimely under § 2255(f)(3), because it is not based on a right newly recognized by the Supreme Court made retroactively applicable to cases on collateral review. Finally, the petitioner does not establish that he exercised due diligence in discovering the facts he asserts in support of his claim or in

---

[2] When the district court's judgment was entered in the petitioner's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

[3] The petitioner apparently signed his § 2255 motion on April 15, 2012. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

asserting his claim. *See* § 2255(f)(4).

It appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired well before the petitioner filed his § 2255 motion. Accordingly it is

ORDERED that on or before June 20, 2012, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period.

Done this 30th day of May, 2012.

                                           /s/ Susan Russ Walker
                                           SUSAN RUSS WALKER
                                           CHIEF UNITED STATES MAGISTRATE JUDGE