IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAN ARVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv357-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On April 15, 2012, federal inmate Dewan Arvin ("Arvin") filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Arvin challenges his guilty-plea conviction and resulting sentence, imposed in November 2005, for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his motion, Arvin asserts several claims of ineffective assistance of counsel, including claims that his counsel rendered ineffective assistance during plea negotiations and was ineffective for failing to advise him that his federal sentence was consecutive to his state sentence and for allowing him to plead guilty to a federal offense with a sentence that would run consecutively to his state sentence.[1] (Doc. No. 1 at 4-8.)

---

[1] When he was sentenced by this court, Arvin was in the primary custody of the State of Georgia, after having been charged with trafficking methamphetamine in that state. He was subsequently sentenced in the Superior Court of Douglas County, Georgia, under a negotiated plea, to 25 years in prison. However, he served only 6 years of that term in prison before being paroled in January 2011.

Pursuant to the orders of this court, the Government filed a response addressing the applicability of the one-year period of limitation in 28 U.S.C. § 2255(f) to Arvin's motion. (Doc. No. 5.)  The Government argues that Arvin's motion is untimely and should therefore be denied.  (*Id*.)  Arvin was afforded an opportunity to respond to the Government's submissions, and did so.  (Doc. Nos. 7 and 9.)  Upon review of the pleadings, the evidentiary materials, and the applicable law, the court concludes that no evidentiary hearing is required and that Arvin's § 2255 motion should be denied for the reasons that follow.

## II.  DISCUSSION

The timeliness of Arvin's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### *§ 2255(f)(1)*

The record reflects that on August 23, 2005, Arvin pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute methamphetamine. On November 1, 2005, after granting the Government's motion for a downward departure, the district court sentenced Arvin to 168 months in prison. The court entered its judgment on November 10, 2005. Arvin did not take a direct appeal. His conviction therefore became final on November 21, 2005, the first business day after expiration of the 10-day period for him to file an appeal.[2] *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (when a defendant does not appeal, his conviction becomes final when the time for seeking that review expires). For purposes of 28 U.S.C. § 2255(f)(1), Arvin had until November 21, 2006, to file a timely § 2255 motion. His filing of his § 2255 motion on April 15, 2012,[3] renders it untimely by more than five years under § 2255(f)(1).

### *§ 2255(f)(3)*

Arvin, however, maintains that his § 2255 motion is timely under § 2255(f)(3),

---

[2] When the district court's judgment was entered in Arvin's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

[3] Although Arvin's § 2255 motion was stamped as received in this court on April 19, 2012, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, April 15, 2012, the day that he signed it (*see* Doc. No. 1 at 13). *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

pursuant to what he suggests is the retroactive applicability to his conviction of the United States Supreme Court's decision in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012). (*See* Doc. No. 1 at 12.)  In *Lafler* and its companion decision, *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012), both of which were issued on March 12, 2012, the Supreme Court recognized that the Sixth Amendment right to effective assistance of counsel extends to counsel's performance during the plea-bargaining process.  *See* 132 S.Ct. at 1384; 132 S.Ct. at 1405.  According to Arvin, his trial counsel rendered ineffective assistance during plea negotiations, resulting, he says, in his receiving more time in prison than he would have received if counsel had performed effectively.  (Doc. No. 1 at 7 and 12.)  Arvin asserts that his § 2255 motion is timely under § 2255(f)(3) because it was filed within one year after *Lafler* and *Frye* were decided.  *See* 28 U.S.C. § 2255(f)(3).

Any reliance by Arvin on the *Lafler/Frye* decisions of the Supreme Court in an effort to establish the timeliness of his motion under § 2255(f)(3) is misplaced.  *Lafler* and *Frye* do not apply retroactively – a prerequisite to application of § 2255(f)(3).  *See In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012) (finding no basis for retroactive application of the *Lafler/Frye* decisons).

### *§ 2255(f)(2)*

Arvin also maintains that his § 2255 motion is timely under § 2255(f)(2) because, he says, governmental action impeded his filing at an earlier date.  *See* 28 U.S.C. §  2255(f)(2).  According to Arvin, the state sentence that he was required to serve before he began his federal sentence was a government-created impediment to his filing of a § 2255 motion.

4

(Doc. No. 1 at 12.)  In this regard, Arvin contends that he was not even in federal custody for purposes of 28 U.S.C. § 2255 until he was released from state custody, and therefore his service of his state sentence obliged him to delay filing a § 2255 motion until he was incarcerated in a federal prison. (*Id*.)  However, as the Government correctly observes, it is well settled that "28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971).  Further, a prisoner is "in custody" for purposes of 28 U.S.C. § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him. *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004).  This court sentenced Arvin in November 2005, whereupon he was "in custody" for purposes of § 2255 and its one-year limitation period.  Arvin's incarceration in state prison after his federal sentencing was not an impediment to his filing of a timely § 2255 motion "created by governmental action in violation of the Constitution or laws of the United States."  Arvin has pointed to no constitutional provision or federal statute that the government violated so as to impede his filing of a § 2255 motion.  Therefore, the limitation period for filing a § 2255 motion in Arvin's case is not controlled by § 2255(f)(2).

### *§ 2255(f)(4)*

Finally, Arvin asserts that his motion is timely under § 2255(f)(4) because, he says, he did not realize his federal sentence would run consecutively to his state sentence until he was transferred into federal custody in January 2011, after he was paroled from his state sentence.  *See* 28 U.S.C. § 2255(f)(4).  (Doc. No. 9.)

5

In determining whether a motion is timely under § 2255(f)(4), the relevant inquiry focuses on whether the petitioner exercised due diligence in discovering the facts underlying his claim. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). If the petitioner exercised due diligence, the limitation period would not begin to run before the date on which he discovered the facts supporting his claim. *Id.* However, if prompt action would have revealed the factual basis for a claim, a court should not apply § 2255(f)(4). *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition.").

A review of the district court's November 10, 2005, Judgment Order in Arvin's case, as well as the plea agreement, reveals no language suggesting that the district court intended Arvin's federal sentence to be executed concurrently with any previously imposed or subsequently imposed state sentence. (*See* Gov. Ex. B [Doc. No. 5-2] at 1-6; Gov. Ex. A [Doc. No. 5-1].) Therefore, Arvin's federal sentence was to be served consecutively to his state sentence. *See* 18 U.S.C. § 3584(a).[4] The Judgment Order was available to Arvin

---

[4] Title 18 U.S.C. § 3584(a), states as follows:

> Imposition of concurrent or consecutive terms. –If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently
> (continued...)

shortly after he was sentenced. The plea agreement was signed by Arvin. Arvin fails to demonstrate that he acted with due diligence to discover the facts of his sentence – either by reviewing the Judgment Order or consulting with his counsel after the Judgment Order was entered, by telling the district court that he did not know whether his federal sentence was concurrent or consecutive to his state sentence, or by conducting his own independent legal research. A duly diligent person in Arvin's position would not have needed more than five years to discover that his federal sentence was consecutive to his state sentence and, more to the point, would have discovered this fact within a year after the finality of his federal conviction. Therefore, the limitation period in Arvin's case does not fall under § 2255(f)(4).

In any event, Arvin's own statements relating to this claim indicate that his § 2255 motion is untimely even if this court were to find that § 2255(f)(4) provides the limitation period in his case. According to Arvin, he first learned that his federal sentence was consecutive to his state sentence in January 2011, when he was taken into custody by the Federal Bureau of Prisons and interviewed by a counselor at FMC Lexington. (*See* Doc. No. 1 at 12; Doc. No. 9 at 2.) By his own admission, then, Arvin was aware at that time of the facts supporting his claim that his counsel was ineffective for failing to advise him about the

---

[4](...continued)
unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.

18 U.S.C. § 3584(a) (emphasis added). Section 3584(a), therefore, evinces "a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

consecutive nature of his sentences and for allowing him to plead guilty to a federal offense with a sentence that would run consecutively to his state sentence.  However, Arvin did not file his § 2255 motion until April 15, 2012, more than a year after he says he learned that his federal sentence was consecutive to his state sentence.  Thus, even under § 2255(f)(4), Arvin's motion is untimely.

### *Equitable Tolling*

Arvin does not come forward with anything to demonstrate that the extraordinary remedy of equitable tolling of the one-year limitation period should be applied in his case. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner bears "the burden of establishing that equitable tolling [is] warranted." *Pugh v. Smith*, 465 F.3d 1295, 1300–01 (11th Cir. 2006).  Arvin's claim that he belatedly learned of the consecutive nature of his state and federal sentences fails to establish that the facts causing his late filing were extraordinary and beyond his control or that he acted with diligence to pursue his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  At the time of sentencing, the discrepancy between Arvin's purported expectations and the reality of his sentence were apparent on the face of the Judgment Order.  Despite having notice of the contents of the Judgment Order in his case, Arvin nonetheless failed to act for over five years and thus cannot be said to have "diligently pursued his rights" so as to justify equitable tolling.

For the reasons set forth above, the court finds that the one-year limitation period of 28 U.S.C. § 2255(f) expired well before Arvin filed his § 2255 motion. Because Arvin did not file in this court until April 15, 2012, his motion is time-barred under § 2255(f)(1) and

this court may not address his claims on the merits. The court further concludes that Arvin has failed to show sufficient cause to excuse his failure to file within the statutory period.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period.

It is further

ORDERED that the parties shall file any objections to this Recommendation **[on or before April 10, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. 2Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE